## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KELLY LEIGH SHEARER** | * | |
| | * | |
| **v.** | * | **Civil Case No. RDB-15-2575** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered both parties' filings, which include the Commissioner's motion for summary judgment and Ms. Shearer's opposition, in addition to the information Ms. Shearer filed in connection with her complaint.  [ECF Nos. 1, 19, 21].  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Ms. Shearer filed her application for Disability Insurance Benefits ("DIB") on September 19, 2011, alleging a disability onset date of March 21, 2011.  (Tr. 142-43).  Her application was denied initially and on reconsideration.  (Tr. 84-98).  After a hearing on October 16, 2013, an Administrative Law Judge ("ALJ") issued an opinion denying benefits.  (Tr. 21-38, 39-73).  The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the Agency.  (Tr. 8-11).

The ALJ found that, during the relevant time frame, Ms. Shearer suffered from the severe impairments of obesity, degenerative disc disease of the lumbar spine with radiculopathy, and degenerative joint disease of the left knee, status post surgery.  (Tr. 26).  Despite these impairments, the ALJ determined that Ms. Shearer retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she is further limited to:  never crawling or climbing ladders, ropes or scaffolds; no more than occasional crouching, kneeling, balancing, stooping, and climbing ramps or stairs; and, no more than a concentrated exposure to unprotected heights.

(Tr. 28).  The ALJ further determined that Ms. Shearer was not capable of performing her past relevant work as a charge back team specialist or route sales representative, but that she could perform other jobs existing in significant numbers in the national economy.  (Tr. 32-33).  Accordingly, the ALJ concluded that Ms. Shearer was not disabled.  (Tr. 33).

Because Ms. Shearer appears *pro se,* I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  I have particularly considered the arguments Ms. Shearer raised in her filings.  [ECF Nos. 1, 21].[1]

---

[1] Ms. Shearer appears to argue that her medical conditions are worsening over time.  [ECF Nos. 1, 21]. For example, she states that she had a visit to the emergency room on November 26, 2013, but those treatment notes do not appear in the record presented to the ALJ, to the Appeals Council, or to this Court. This Court is limited to review of the ALJ's December 6, 2013 decision and the evidence existing at that time.  Consideration of medical evidence reflecting conditions worsening after that date would have to be presented by way of a new application for benefits.

The function of this Court is not to review Ms. Shearer's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g). While there may be substantial evidence in the record that would support a finding of disability, in addition to substantial evidence refuting such a finding, this Court should not disturb the ALJ's conclusion so long as it is one of the conclusions supported by substantial evidence. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Shearer's favor at step one, and determined that she did not engage in substantial gainful activity after her alleged onset date of March 21, 2011. (Tr. 26); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Shearer claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Ms. Shearer's alleged impairments were severe. *Id.* The ALJ further determined that Ms. Shearer's history of carpal tunnel release and leg swelling were non-severe. (Tr. 26). Ms. Shearer contends that her leg swelling is, in fact, a persistent and significant problem. [ECF No. 21-1 at 2]. A review of the ALJ's opinion reflects that he did not discredit her reports of leg swelling, but simply found that the leg swelling was a symptom of her other impairments, and not a separate impairment in and of itself. (Tr. 27-28). For example, the ALJ noted her testimony about leg swelling and her

reports of leg swelling to various physicians, when he considered her RFC.  (Tr. 28, 29).

Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Shearer's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings.  (Tr. 27-28).  The ALJ specifically identified Listing 1.02 (major dysfunction of a joint) and Listing 1.04 (disorders of the spine), and cited to record evidence to support his conclusions that Ms. Shearer did not meet at least one of the criteria for each listing.  *Id.*

In considering Ms. Shearer's RFC assessment, the ALJ summarized her subjective complaints of back and leg pain, medication side effects, and activities of daily living.  (Tr. 28-29).  However, the ALJ determined that Ms. Shearer's subjective complaints were not entirely credible.  (Tr. 29).  The ALJ cited to the fact that the medical records did not reflect some of the impairments listed in Ms. Shearer's testimony.  For example, although the medical records show mild allergic reactions to medications involving tongue swelling, there is no medical documentation of the fact that Lyrica causes Ms. Shearer to have persistent blurred vision for several hours.  *Id.*   In addition, the ALJ noted that the medical records do not demonstrate that she has to elevate her legs for 30 minutes every hour.  *Id.*  The ALJ referenced the fact that Ms. Shearer is capable of performing the majority of household chores, and also cited to the medical evidence of record, which reflected only mild to moderate findings on objective radiological testing and relatively minimal findings on clinical examination.  (Tr. 29-30).  The ALJ also noted that Ms. Shearer was discharged from a physical therapy program for non-compliance.  (Tr. 30).  The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting Ms. Shearer's complaints.

In assessing Ms. Shearer's RFC, the ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "moderate weight" to the opinion of State agency medical consultants, Drs. Hakkarinen and Ahn, who found Ms. Shearer's impairments to be less limiting than the RFC assessment eventually determined by the ALJ. (Tr. 31). The ALJ also considered the Functional Capacity Evaluation performed by Dr. Susan Flemming, but assigned it only "minimal weight." (Tr. 31-32). The ALJ relied upon internal inconsistencies within Dr. Flemming's report, as well as deficiencies in the examination she performed and discrepancies between the examination results and her recommended limitations. (Tr. 31-32).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Shearer's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence, because the treatment records, medical opinions, and the testimony regarding Ms. Shearer's activities of daily living provide ample support for the conclusions drawn by the ALJ.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 19]; AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  June 3, 2016                                    /s/
                                                                     Stephanie A. Gallagher
                                                                     United States Magistrate Judge